# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TERRY J. BROWN SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 19-0800** (BOR Appeal No 2054180.)
(Claim No.2005017749)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**In its capacity as administrator of the Old Fund,**
**Commissioner Below, Respondent**

**and**

**BLUESTONE COAL CORPORATION,**
**Employer Below, Respondent**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Terry J. Brown Sr., by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Offices of the Insurance Commissioner, by Counsel Melissa M. Strickler, filed a timely response.

The issue on appeal is the entitlement to requested medical treatment. The claims administrator denied Mr. Brown's request for an MRI of the right shoulder and Neurontin 500 mg in an Order dated March 28, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order on April 5, 2019. This appeal arises from the Board of Review's Order dated August 8, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Brown was employed by Bluestone Coal Corporation as a roof bolter. On October 20, 2004, he completed an Employees' and Physicians' Report of Injury, representing that he had sustained a right shoulder injury when he was struck by a rock. The physician's portion of the application diagnoses Mr. Brown as suffering from a contusion and sprain/strain type of injury to his right shoulder. By Order of the claims administrator dated November 22, 2004, the injury was held compensable for a right shoulder sprain/strain and shoulder contusion.

Mr. Brown underwent an independent medical examination with Robert Kropac, M.D., on November 30, 2005. At the time of examination, Mr. Brown complained of shoulder pain. Dr. Kropac concluded that he had reached his maximum degree of medical improvement with 4% residual whole person impairment. Dr. Kropac noted that Mr. Brown had undergone an x-ray examination and had an MRI scan performed on his right shoulder. He improved with conservative treatment, medication, and physical therapy. It was determined that he was able to return to work. Dr. Kropac noted that Mr. Brown was complaining of increased right shoulder pain and diagnosed him as suffering from impingement syndrome of the right shoulder secondary to his compensable injury. Dr. Kropac observed that he would probably need future medical care in the form of analgesic and anti-inflammatory medications. Based upon Dr. Kropac, the claims administrator granted Mr. Brown a 4% permanent partial disability award on January 4, 2006.

On February 9, 2011, Mr. Brown signed an Employees' and Physicians' Report of Injury indicating that he sustained another injury to his right shoulder when a rock struck him during the course of and resulting from his employment as a utility man. The physician's portion of the application indicated that Mr. Brown had sustained a sprain/strain-type injury to his shoulder. Personnel at Family Health Care Associates advised him to continue his medication regimen of Lortab.

The record contains a composite exhibit of treatment records of Mr. Brown's treatment with Dr. Kropac, commencing August 16, 2007, through March 20, 2018. Dr. Kropac saw Mr. Brown on August 16, 2017, for an orthopedic evaluation of his right shoulder. Dr. Kropac noted that at the time of examination, Mr. Brown was off work as a result of neck surgery with two levels of fusion. Mr. Brown exhibited a full range of motion of his right shoulder with complaints of pain on abduction, flexion, extension and on internal and external rotation. Dr. Kropac diagnosed Mr. Brown as suffering from impingement syndrome, right shoulder secondary to his compensable injury of October 20, 2004. Symptomatic care of the right shoulder with an anti-inflammatory and analgesic medication was recommended

Mr. Brown continued to treat with Dr. Kropac with complaints of continued pain in his right shoulder. In a report dated March 20, 2018, Dr. Kropac reported that Mr. Brown had no change in his right shoulder condition. Dr. Kropac indicated that he wanted an MRI scan of his right shoulder for diagnostic purposes and that he was to continue with Motrin 800 mg for its anti-inflammatory effect and Neurontin 600 mg for pain.

On March 28, 2018, the claims administrator denied requests made by Dr. Kropac for a right shoulder MRI for diagnostic purposes and authorization for the medication Neurontin 600 mg. The claims administrator provided two reasons for the denial. First, the claims administrator

found that the medical documentation submitted does not support the causal relationship as to how the compensable injury that occurred fourteen years ago and did not require any surgical intervention is still causing complaints of chronic pain symptoms. The second reason provided was that Neurontin is an anti-epileptic medication used to treat seizures, nerve pain caused by herpes zoster and restless leg syndrome. The claims administrator found that the conditions addressed by Neurontin are not conditions related to Mr. Brown's injury. Mr. Brown protested the claims administrator's decision.

By Order dated April 5, 2019, the Office of Judges affirmed the March 28, 2018, Order of the claims administrator. The Office of Judges found that Dr. Kropac's treatment notes do not suggest that Mr. Brown has experienced any dramatic progression of his condition over the years. It was found that most of the reports indicate that Mr. Brown reported no change in his condition, except to the extent that he experienced pain on an attempt to elevate his right upper extremity and that his condition was made tolerable by his medication, which did not change over that time when treated with the medications Ultram and Orudis. The Office of Judges questioned the reason for an MRI at this point in time because of complaints of pain. The Office of Judges stated that it has been fourteen years since the compensable injury and reasoned that even if the diagnostic testing were authorized and revealed a surgically amenable lesion, it is difficult to imagine how it could be demonstrated that it was related to the compensable injury. The Office of Judges concluded that the preponderance of evidence establishes that Mr. Brown has reached his maximum degree of medical improvement, and he failed to establish that the request for a repeat MRI and authorization of the medication Neurontin is reasonable, necessary or related to the compensable injury. On August 8, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the April 5, 2019, decision.

After review, we agree with the conclusions of the Office of Judges, as affirmed by the Board of Review. The evidence of record from Dr. Kropac fails to support the causal relationship between the requested treatment and a contusion, sprain/strain injury that occurred fourteen years ago. Further, the documentation submitted by Dr. Kropac does not explain how, without prior surgical intervention, the injury has continued to cause chronic pain symptoms. Also, Dr. Kropac's request for Neurontin is well beyond the treatment guidelines and is not reasonable treatment for the 2004 compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**
Justice John A. Hutchison
Justice William R. Wooton